U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED - LAKE CHARLES

AUG - 4 2008

ROBERT H. SHEMWELL, CLERK
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | DOCKET NO. 2:04 CR 20145-005 |
| VS. | : | JUDGE MINALDI |
| DONNIE JERMAINE LEWIS a/k/a "D-Lew" | : | MAGISTRATE JUDGE WILSON |

## MEMORANDUM RULING

The defendant, Donnie Jermaine Lewis "Lewis", has filed several objections to the Presentence Report "PSR" that has been prepared by the Probation Department.

In his first objection, the defendant objects to the amount and form of cocaine involved. ¶16 of the PSR indicates that he is being held accountable for 3,315.78 grams of crack cocaine and 9.072 kilograms of marijuana. It is the defendant's contention that he is liable for no more than 742 grams of powder cocaine. He submits that he did not "cook" the powder cocaine into crack for the co-defendant, Bryan Keith Edwards. In the second objection, Lewis contends that he did not provide marijuana to any co-defendants, therefore the 9.072 kilograms of marijuana should not be included in his offense calculation.

The facts listed as "Offense Conduct" were taken from reports prepared by investigating authorities in this case. The Presentence Report ("PSR") generally bears sufficient indicia of reliability to be considered as evidence by the court in resolving factual disputes. *U.S. v. Valencia*, 44 F.3d 269 (5th Cir.(La.) Jan 26, 1995)(No. 94-40063); *See United States v. Slaughter*, 238 F.3d 580, 585 (5th Cir.2000) ("For sentencing purposes, the district court may consider any relevant

evidence, including uncorroborated hearsay statements, if the information has a 'sufficient indicia of reliability to support its probable accuracy.' "); *U.S. v. Rangel,* 149 Fed.Appx. 254, 257 (C.A.5 (Tex.),2005). It is proper for the district court to rely upon the PSR's construction of evidence to resolve a factual dispute, rather than relying on the defendant's version of the facts. *U.S. v. Montoya-Ortiz,* 7 F.3d 1171 (5th Cir.(Tex.) Nov.12, 1993)(No. 92-8204), citing *U.S. v. Robins,* 978 F.2d 881, 889 (5th Cir. (Tex.) Nov. 20, 1992)(No. 91-1850). The burden is on the defendant to present evidence to refute the facts stated in the PSR. The defendant contends that he is liable for no more than 742 grams of powder cocaine. This contention is not sufficient to refute the facts contained in the PSR. Therefore, objections one and two are overruled.

The third objection has no impact on the guideline calculation and does not require a ruling by the court.

In his fourth objection the defendant objects to ¶¶ 29 and 30 of the PSR. He argues that the offenses contained in these paragraphs occurred within three weeks of each other and that their inclusion "substantially over represents the seriousness of the defendant's criminal history." The Probation Department states that these are two separate offenses and if anything, the close proximity of these arrests indicates the defendant's propensity toward continued involvement in illegal drug activities. The defendant argues that because these offenses occurred within three weeks of each other they should not be included in the criminal history. The arrests occurred on different dates and they occurred in different jurisdictions. Lewis provides no law in support of objection. This objection is overruled.

The defendant's fifth objection states that his guidelines should be re-computed based on the

foregoing objections. This objection is overruled.

Lake Charles, Louisiana, this 24 day of February, 2006.

*Patricia Minaldi*
PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE

COPY SENT:
DATE: 2-24-06
BY: JB
TO: C Timons

Odinet
collection
Orig to USP

3